# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, et al., | : |
| Plaintiffs, | : Case No. 2:91-cv-464 |
| v. | : JUDGE HOLSCHUH |
| STATE OF OHIO, et al., | : MAG. JUDGE KEMP |
| Defendants. | : |

## PLAINTIFFS' MOTION TO BE AWARDED FEES

Plaintiffs move, pursuant to Fed. R. Civ. P. 54(d) and 20 U.S.C. § 1415(i)(3)(B)(i) to be awarded attorneys' fees in this case.  Plaintiffs also move for an award of fees reasonably incurred as a result of the instant motion for attorneys' fees.  A Memorandum in Support of this Motion is attached hereto.

Respectfully Submitted,

s/Michael Kirkman\_\_\_
MICHAEL KIRKMAN (0009854)
Trial Attorney
JASON C. BOYLAN (0082409)
Ohio Legal Rights Service
50 West Broad Street, Suite 1400
Columbus, Ohio  43215
Phone:  (614) 466-7264
Facsimile:  (614) 644-1888
mkirkman@olrs.state.oh.us
jboylan@olrs.state.oh.us
Attorneys for Plaintiffs

**MEMORANDUM IN SUPPORT**

**INTRODUCTION**

On October 20, 2009, this Court held a Fairness Hearing regarding the agreement that settled Plaintiffs' Individuals with Disabilities Education Act (hereinafter "IDEA") compliance supervision claims. The Court filed an order approving the partial settlement agreement the following day. This order marked the culmination of nearly two years of extensive mediation and negotiation regarding the non-funding-related IDEA claims in this complex and long-standing class action lawsuit.

At the beginning of the mediation period, the parties agreed to have retired federal district court Judge Robert Duncan serve as mediator. Mediation began in December of 2007. Early on, it became evident that Defendants would not settle the funding claims in Plaintiffs' Amended Complaint, so the parties agreed to focus solely on the supervision claims. Plaintiffs devised an initial list of requests for supervisory provisions, and Defendants responded. The parties met in mediation on numerous occasions during 2008 and early 2009. During that period, Plaintiffs' counsel addressed many objections to Plaintiffs' proposals by Defendants. Once objections were received, Plaintiffs' counsel drafted many subsequent changes in order to craft an agreement that would provide relief to the Plaintiff class regarding the supervisory claims, including provisions on waivers, monitoring, and state complaint procedures. The parties ultimately reached agreement by April of 2009, and court review of the partial settlement began.

Plaintiffs' counsel drafted Notice to the Plaintiff class and worked with defendants' counsel to create a Joint Motion for Partial Settlement. Plaintiffs' counsel worked with the named Plaintiffs to reach agreement on the settlement's terms and ensure compliance with the Notice and settlement provisions. Plaintiffs' counsel then fielded objections by class members in preparation for the Fairness Hearing, which was held on October 20, 2009.

The agreement the parties reached, in the form of a Consent Order, provides that Plaintiffs will dismiss, with prejudice, those supervisory claims enumerated in Plaintiffs' Amended Complaint and specified in the Consent Order, to wit "part (1) only of paragraph 175 (b) and paragraphs 234-236, 239-240, 351-365, 368-376, 378-385, 389, 390-392, and 395." Consent Order, Doc. 168. In return, Plaintiffs are the prevailing party on these supervisory claims that were expressly resolved under the Consent Order. It further explains that Plaintiffs reserve the right to fees and costs associated with other claims. The Consent Order specifically states that "Plaintiffs do not waive any claims to attorneys' fees and costs" and "[t]he parties agree that, as a result of th[e] Consent Order, Plaintiffs are prevailing parties and are entitled to their attorneys' fees and costs." *Id.* at p. 11, 12 Section III. The Consent Order also provides that if the parties cannot agree on fees and costs, they must submit the issue to the Court. Though the parties made a good faith effort to resolve the issue of attorneys' fees with Defendants, the parties could not come to a final agreement and this Motion for an attorneys' fees award followed.

## ARGUMENT

**I.    Plaintiffs are entitled to an award of attorneys' fees**

Fed. R. Civ. P. 54(d) provides guidance under which a party may seek attorneys' fees, and explains that it must be requested by motion unless a statute or court provides otherwise. Under the plain language of the IDEA, Plaintiffs, as "prevailing parties," may be awarded reasonable attorneys' fees as part of the costs expended in this matter. 20 U.S.C. § 1415(i)(3)(B)(i). The same is true in the context of a class action lawsuit, such as the case at hand, where Plaintiffs bring suit to enforce the rights of plaintiffs and class members. *See generally*, *Keene v. Zelman*, 337 Fed. Appx. 553 (6th Cir. 2009) (unpublished).

"A 'prevailing party' is one who succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Tompkins v. Troy Sch. Dist.*, 199 F. App'x 463, 465 (6th Cir. 2006) (unpublished) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  In order to gain prevailing party status, there must be a "judicially sanctioned change in the legal relationship between the parties." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598, 605 (2001).  The Consent Order here represents such a change.  The Plaintiff class has achieved reform of the supervisory functions of the defendants, bringing them closer in line with federal regulations.

While the issue of prevailing party can be complicated, in this case that determination has already been made pursuant to the terms of the Consent Order.  The Consent Order, agreed to by the parties and approved by this Court, states that "[P]laintiffs are prevailing parties and are entitled to their attorneys' fees and costs" for those claims dismissed under the agreement.  Doc. 149-2, p.12.  Defendants are thus bound to and estopped by the terms of the Consent Order regarding the provision of attorneys' fees.  *Keene v. Zelman*, 2008 U.S. Dist. LEXIS 41587, *4 (S.D. Ohio, May 23, 2008), *citing Equilon Enters. LLC v. 12 & Evergreen D&D Servs.*, 232 Fed. Appx. 504, 509 (6th Cir. 2007).[1]

Plaintiffs are also entitled to an award of additional attorneys' fees incurred as a result of the instant motion for fees.  *See, Keene v. Zelman*, 2008 U.S. Dist. LEXIS at *2, *citing Kaseman v. District of Columbia*, 370 U.S. App. D.C. 292, 444 F.3d 637, 640 (D.C. Cir. 2006) (Noting the general rule that the court may award additional fees for time reasonably devoted to obtaining attorneys' fees.)  Since the parties could not agree on a reasonable fee amount within the agreed upon

---

[1] Class representatives and class counsel seek fees only on the specific claims that were the subject of the Consent Order and for which they may claim to be a prevailing party as that term of art is used in the statute and case law.  They specifically reserve all rights with regard to other claims that were not the subject of the Consent Order and therefore not properly before the Court at this time.  Those hours and fees will be appropriately addressed if Plaintiffs prevail on the remaining claims in the litigation.

4

time period, Plaintiffs' counsel was forced to engage in additional compensable effort in order to obtain these fees and present this Motion.

## II.     Plantiffs' attorneys' fees request is reasonable

The Supreme Court has established a framework and methodology for calculating the amount of reasonable attorneys' fees to award a prevailing party. This "lodestar" calculation is based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *see also Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002). In calculating the lodestar, the prevailing party should exercise billing judgment to exclude from the fee request hours that are excessive, duplicative, or otherwise unnecessary. *Hensley*, 561 U.S. at 434. There is a strong presumption that prevailing lawyers are entitled to their lodestar fee. *See Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989); *Women's Med. Prof'l Corp. v. Baird*, No. 2:03cv162, 2003 U.S. Dist. LEXIS 25906, at *4 (S.D. Ohio Dec. 15, 2003).

### A.     Plaintiffs' rates are reasonable

Plaintiffs' billing rates are reasonable here given the experience of counsel and the complexity of the issues raised in this case. To determine a reasonable hourly rate, the Court considers the fair market value of the services rendered by the attorney. *Northcross v. Board of Educ.*, 611 F.2d 624, 638 (6th Cir. 1979). The hourly rate charged will normally reflect the attorney's training, background, experience, and skill level. *Id.* For attorneys who have no private practice, the rates customarily charged in the community for similar services can be looked to for guidance. *Id. See Eggers v. Bullett City School Dist.*, 854 F.2d 892 (6th Cir. 1988)(attorneys for publicly funded state agencies are entitled to reasonable fees at fair market value); *Doe v. Hogan*, 421 F. Supp. 2d 1051 (S.D. Ohio 2006).

5

The fees sought by Plaintiffs are based on the billing rates that Plaintiffs' counsel has applied to matters in the past, including small increases for the complexity of a statewide class action litigation. This Court has previously determined Plaintiffs' counsels' rates to be reasonable. *See* Ex. 1, *Ray v. Franklin County Bd. of Elections*, Case No. 2:08-CV-1086, Doc. 20, (S.D. Ohio, June 2, 2008), (Order, attached hereto, approving rates for counsel Susan Tobin and Jason Boylan, among other attorneys and staff). The accompanying Declarations by staff provide adequate support for Plaintiffs' counsels' experience and expertise. *See* Ex. 2-9. Plaintiffs will submit Declarations from experienced practitioners in the field of IDEA and civil rights litigation. Frank Hickman has expertise on attorneys' fees in IDEA litigation in Ohio. Sandy Spater has extensive experience representing plaintiffs in complex civil rights cases and is familiar with applicable rates.[2] In addition, the attached Affidavit from a complex IDEA lawsuit supports an award of similar rates in federal lawsuits under the IDEA. Ex. 10, *Affidavit of Andrew K. Cuddy*, Doc. 11-1, *Winkelman v. Parma City School Dist.*, 1:08-cv-02135-DCN (N.D. Ohio 2008).

In a complex class action such as this, Plaintiffs appropriately retained counsel from the Ohio Legal Rights Service, an agency that specializes in litigation related to the rights of people with disabilities, including special education claims. The lead attorney in this case, Susan Tobin, has over twenty-eight years of litigation experience. Experienced co-counsel Michael Kirkman, the agency's Legal Director and now Executive Director, has been called on for assistance and expertise as needed. The agency has complemented Ms. Tobin with one junior attorney, most recently Jason Boylan, and made other staff available as needed. The highly skilled non-lawyers involved in the case contributed to effective presentation and organization of the supervisory claims without unnecessarily utilizing experienced attorneys to perform support tasks. Together, these attorneys

---

[2] Plaintiffs were unable to obtain Declarations from Franklin J. Hickman and Sandy Spater by the filing deadline of this Motion. Plaintiffs will supplement this Motion once the Declarations have been obtained.

and paraprofessionals offered a fully competent and experienced team that ensured the conclusion of a meaningful partial settlement and a resulting reasonable request for associated fees.

### B.     The time Plaintiffs spent in prosecuting claims is reasonable

In determining the reasonableness of fees, the Supreme Court has explained that where a plaintiff has obtained excellent results, the attorneys should recover a fully compensatory fee. *Hensley*, 461 U.S. at 435.  This will normally encompass all hours reasonably expended on the litigation. *Id.*  Plaintiffs in this case obtained a Consent Order which requires the Ohio Department of Education to significantly change its monitoring, waiver, and complaint practices and procedures. This outcome confers a significant benefit upon the Plaintiff class by increasing accountability and accessibility to students and parents of students with disabilities throughout the State of Ohio.

The final Consent Order was a product of hundreds of hours of research, drafting, correspondence, and meetings with opposing counsel over nearly two years.  Due to the complexity of the existing statutory language and federal guidance available regarding the supervisory claims, Plaintiffs' counsel had to spend considerable time to ensure that all of the pertinent elements were included in the parties' final agreement.  Given the broad nature of the supervisory claims, Plaintiffs utilized an appropriate team of lawyers, paralegals, and support staff to carry out these tasks. Plaintiffs assigned appropriate tasks among staff in order to avoid incurring unnecessary fees.  The attached affidavits show the staff involved and the types of tasks that were carried out.

Plaintiffs have adequately satisfied their burden of supporting their requested fees by submitting with this petition detailed time entries reflecting the work done by all attorneys and supporting staff in disposing of the supervisory claims. *See Paschal*, 297 F.3d at 434 (approving of billing entries that included detailed description of how the billed hours were spent); *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir.

1995) (Approving documentation as adequate where prevailing party submitted time entries that "included a date, description of the activity involved, the amount of time expended on such activity, and the total amount owed for that activity.")  These contemporaneously created time entries include all the time expended on this matter after review for accuracy and consistency amongst timekeepers. Plaintiffs' billing records identify the work done with sufficient detail to ensure that Plaintiffs' lodestar has been reasonably calculated.

### C. Plaintiffs' exercise of billing judgment is reasonable

The total gross fees incurred for the supervisory claims alone totals $299,294.75.  However, in calculating the lodestar, Plaintiffs have exercised billing judgment to exclude time that might be considered excessive, duplicative, or otherwise unnecessary.  As a consequence, Plaintiffs now seek reimbursement of $268,565 in fees.

After Plaintiffs' counsels' review of the time entries for this matter, Plaintiffs exercised billing judgment to exclude: (a) six timekeepers who billed minimal time to this matter and potentially represent duplicative time; (b) all time related to the media attention to this matter; and (c) any timekeeping that may be considered vague, clerical, or duplicative.  As a result, Plaintiffs have eliminated a total of $9,046.25 in fees from this fee request in the exercise of billing judgment.  This adjustment represents a fair and reasonable reduction of hours in light of the multiple and changing resources necessary in order to thoroughly conclude all of Plaintiffs' supervisory claims.

## CONCLUSION

For the foregoing reasons, Plaintiffs request an award of attorneys' fees pursuant to Fed. R. Civ. P. 54(d) and 20 U.S.C. § 1415(i)(3)(B)(i).  Plaintiffs' lodestar after the exercise of billing judgment is $268,565.

Respectfully Submitted,

s/Michael Kirkman
MICHAEL KIRKMAN (0009854)
Trial Attorney
JASON C. BOYLAN (0082409)
Ohio Legal Rights Service
50 West Broad Street, Suite 1400
Columbus, Ohio  43215
Phone:  (614) 466-7264
Facsimile:  (614) 644-1888
mkirkman@olrs.state.oh.us
jboylan@olrs.state.oh.us
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system on this 12th day of February, 2010.  Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

s/Michael Kirkman
MICHAEL KIRKMAN (0009854)