**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DOE, et al.,** | : | |
| Plaintiffs, | : | **Case No. 2:91-cv-464** |
| v. | : | **Judge Holschuh** |
| **STATE OF OHIO, et al.,** | : | **Magistrate Judge Kemp** |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

On October 21, 2009, the Court approved a partial settlement in the above-captioned class-action lawsuit. The Consent Order provided that Plaintiffs were prevailing parties with respect to those claims that had been resolved and, therefore, were entitled to reasonable attorneys' fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B)(i). The Consent Order further provided that if the parties could not agree on fees and costs, the issue would be submitted to the Court.

On February 12, 2010, Plaintiffs filed a Motion to be Awarded Fees, seeking a total of $268,565. (Doc. 178). Defendants objected, arguing that Plaintiffs sought hourly rates that were far above the market rate and payment for certain non-compensable matters. After the motion was fully briefed, the parties informed the Court that Defendants did not object to $180,955.50 of the amount requested by Plaintiffs and would pay this portion on or before June 30, 2010. (Doc. 187). On May 25, 2010, because the Court was unable to tell from the record which specific objections had been resolved by the parties and which remained, it directed the parties to file a Joint Supplement in connection with the pending motion, setting forth what still remained in dispute.

(Doc. 188).

On June 29, 2010, the parties filed their Joint Supplement as directed, indicating that they had resolved all disputes concerning the propriety of certain time entries, and the only remaining issue to be resolved by the Court was the appropriate hourly rate for each of Plaintiffs' attorneys. The parties indicated that once the Court resolved this issue, they should be able to settle the rest of the matter on their own. They proposed to "apply the hourly rates fixed by the Court to the time entries they have now agreed upon, give the Defendants credit for the amounts paid pursuant to the Court's April 29, 2010 order and within 60 days of this court's determination of appropriate billing rates, submit an agreed order journalizing any amounts due Plaintiffs for the services described in the original fee application." (Joint Supplement). The parties agree that there is no need for an evidentiary hearing with respect to the question of reasonable attorney fees.

**I.      Applicable Law**

Prevailing parties may be awarded "reasonable attorneys' fees" under the IDEA. See 20 U.S.C. § 1415(i)(3)(B)(i). Reasonable attorneys' fees are determined using the "lodestar" method. To calculate the appropriate award, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).[1]

> In determining what the level of compensation for each category of service should be, the court should look to the fair market value of the services provided. In most communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney. For those attorneys who have no private practice, the rates customarily charged

---

[1] In rare and exceptional circumstances, the lodestar amount may be enhanced for superior attorney performance. See Perdue v. Kenny A., 130 S.Ct. 1662, 1674 (2010). Plaintiffs in this case do not seek an enhanced fee award.

in the community for similar services can be looked to for guidance.

Northcross v. Board of Ed. of Memphis City Schs., 611 F.2d 624, 638 (6th Cir. 1979). The party seeking attorney fees bears the burden of justifying the reasonableness of the requested hourly rate. See Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

**II.     Positions of the Parties**

Defendants maintain that Plaintiffs, who are represented by attorneys from the Ohio Legal Rights Service, have failed to prove that the hourly rates requested are consistent with the prevailing market rate. The following chart summarizes the parties' positions with respect to appropriate hourly rates for each of the attorneys and paralegals who worked on this litigation:

| Attorney/Paralegal | Hourly Rate Sought by Plaintiffs | Hourly Rate Deemed Reasonable by Defendants |
|---|---|---|
| Michael Kirkman (attorney) | $355 | $245 |
| Susan Tobin (attorney) | $350 | $245 |
| Kerstin Sjoberg-Witt (attorney) | $275 | $185 |
| Jason Boylan (attorney) | $225 | $165 |
| Kristen Henry (attorney) | $225 | $165 |
| Vanessa Cotteral (attorney) | $175 | $165 |
| Angela Jenkins (paralegal) | $125 | $90 |
| Laura Bordeau (paralegal) | $125 | $90 |

**A.     Plaintiffs**

Michael Kirkman, Executive Director of the Ohio Legal Rights Service, set the hourly rates requested by Plaintiffs based on his "personal knowledge of rates in the community charged by

attorneys of similar knowledge and experience for cases which are the same level of risk and complexity as LRS' cases." (Kirkman Aff. ¶¶ 12-13).

In support of their request, Plaintiffs point first to the attorney fees awarded by Judge Smith in Ray v. Franklin County Board of Elections, No. 2:08-cv-1086 (S.D. Ohio June 2, 2008). In Ray, Susan Tobin and Jason Boylan were among several attorneys who represented a disabled woman requesting accommodations to enable her to exercise her right to vote. After finding in plaintiff's favor, the court, on June 2, 2009, granted her motion for attorneys' fees and found that the billing rates requested, $275 per hour for Ms. Tobin and $175 per hour for Mr. Boylan, were reasonable and comparable to the rates of other local attorneys. (Ex. to Mot. to be Awarded Fees).

Plaintiffs also submitted an affidavit of Andrew K. Cuddy, a New York lawyer who focuses his practice on special education law. The affidavit does not indicate how long Mr. Cuddy has been practicing law; however, it states that he is recognized as having expertise in the field of special education law. Cuddy's affidavit was filed in Winkelman v. Parma City School District, No. 1:08-cv-02135-DCN (N.D. Ohio 2008), an IDEA case in which Mr. Cuddy represented the prevailing party. In the affidavit, Mr. Cuddy stated that his hourly rate of $375 was consistent with the prevailing market rate for an attorney with his experience in the Northern District of Ohio. (Ex. to Mot. to be Awarded Fees).

In addition, Plaintiffs submitted the declaration of Franklin J. Hickman, a lawyer from Cleveland who has specialized in disability law for more than 30 years. His standard hourly rate for special education cases is $300. Nevertheless, he notes that this case is a complex class action and states that "[t]he rates sought by counsel in this case are typical of those billed by attorneys of similar background and experience for this type of litigation in the relevant market."  (Hickman

4

Decl. at ¶¶ 25, 27-28).

Finally, Plaintiffs note that in Kennedy v. City of Zanesville, No. 2:03-cv-1047, a complex civil rights case, Ms. Sjoberg-Witt requested $325 per hour, and attorneys with similar experience to Mr. Boylan and Mr. Henry requested $225 per hour.  Plaintiffs in Kennedy sought $150-275 per hour for work done by paralegals.

**B.     Defendants**

Defendants maintain that the hourly rates requested by Plaintiffs are well above the market rates.  Defendants first point to "The Economics of Law Practice in Ohio," published by the Ohio State Bar Association in 2007.  (Ex. to Defs.' Mem. Regarding Atty. Fees).  According to the 2007 survey, the average hourly fee for lawyers with more than 25 years experience, like Mr. Kirkman and Ms. Tobin, is $219.  The average hourly fee for lawyers with 6-10 years experience, like Ms. Sjoberg-Witt, is $177.  For lawyers with less than 5 years experience, like Mr. Boylan, Ms. Henry, and Ms. Cotteral, the average hourly rate is $156.  And for paralegals with 10 years experience, like Ms. Jenkins and Ms. Bordeau, the average hourly rate is $80.  (App. at 24, 26).

Defendants also argue that the hourly fees sought by the most experienced attorneys in this case are significantly higher than the fees sought and awarded in other recent disability rights cases in Ohio.  In Keene v. Zelman, No. 2:06-cv-389, an IDEA case assigned to Judge Graham, Franklin Hickman requested $250 per hour and Ms. Tobin requested $275 per hour in September of 2007.  (App. at 49, 68).  In Doe v. Hogan, No. 2:04-cv-914, a case assigned to Judge Marbley, Michael Kirkman requested attorney fees at the rate of $260 per hour in June of 2005.  (App. at 64).

The hourly rates Plaintiffs seek for their less-experienced attorneys are also significantly higher than the rates requested in other cases.  In Lancaster v. Highland Local School District, a

5

Northern District of Ohio case, plaintiffs, in 2005, sought $175 per hour for a disability rights attorney with approximately five years experience. (App. at 79). In December of 2008, in Ray, Kevin Truitt, an attorney with four years experience, requested $200 per hour, and Mr. Boylan requested $175 per hour. (App. at 84, 87).

Finally, Defendants note that a nationwide compensation survey of paralegals shows that the average hourly rate for a paralegal with 10 years experience in 2008 is only $99 per hour. (App. at 103-04). Even though the bar surveys and some of the affidavits relied upon by Defendants are a few years old, Defendants nevertheless argue that because economic conditions have kept legal fees flat, these documents remain relevant.

### III. Discussion

The Supreme Court has noted that fee-shifting statutes are designed to encourage competent attorneys to represent clients in meritorious civil rights cases by assuring that the attorneys will be paid a reasonable fee if their clients prevail. However, fee-shifting statutes are "not designed as a form of economic relief to improve the financial lot of attorneys." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). The Sixth Circuit has noted that "[a] reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir. 1995) (quoting Blum, 465 U.S. at 897).

#### A. OSBA Survey

On several occasions, the Sixth Circuit has approved of the use of a state bar survey of hourly billing rates in determining a reasonable hourly rate. See Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 618 n.6 (6th Cir. 2007) (using the Ohio State Bar Association survey as "a point of

6

reference"); Auto Alliance Int'l Inc. v. United States Customs Serv., 155 F. App'x 226, 228 (6th Cir. 2005) (finding that the district court appropriately relied on a state bar survey in determining the prevailing market rate).

As one of my colleagues has noted, the OSBA survey "is a helpful reference point" in determining the prevailing market rate, but the average hourly billing rates do not adequately take all relevant factors into account. See Lee v. Javitch, Block & Rathbone, 568 F.Supp.2d 870, 876 (S.D. Ohio 2008). For example, the average hourly billing rate does not account for the complexity of the litigation or the fields of specialties of the attorneys.[2] Plaintiffs maintain that the Court should rely not on the average hourly billing rates for attorneys with a certain number of years of experience, but rather on the hourly billing rates in the 75th or 95th percentile for attorneys practicing in downtown Columbus ($289 and $424 respectively). Plaintiffs maintain that these rates better reflect the skill and experience necessary to represent clients in complex class action litigation like this. In the Court's view, although the OSBA survey is a useful tool in determining the prevailing market rate, it is much more helpful to look at the hourly billing rates found by Ohio courts to be reasonable in similar cases for attorneys with similar experience.

**B.    Similar Cases**

Among the cases submitted by the parties, Ray v. Franklin County Board of Elections appears to be the most relevant and the most recent. As Defendants note, the hourly rates requested by plaintiff's counsel in that case were not contested. Nevertheless, in June of 2009, Judge Smith specifically found that the $275 hourly rate requested by Ms. Tobin and the $175 hourly rate

---

[2] The Court notes that, according to the OSBA survey, the average hourly rate for attorneys practicing "Education/School Law" is $197. (App. at 25).

7

requested by Mr. Boylan were reasonable and were comparable to the rates of other local attorneys with similar experience. Judge Smith also found that the $200 per hour rate requested by Kevin Truitt, an attorney with four years experience, was reasonable. (Ex. to Mot. to be Awarded Fees). Also, in Doe v. Hogan, in an order issued on March 27, 2006, Judge Marbley found that Mr. Kirkman's request for fees at the rate of $260 per hour was reasonable.

The other evidence submitted by Plaintiffs in support of their request for significantly higher hourly fees is not persuasive. For example, they rely on Mr. Cuddy's affidavit, submitted in connection with his fee request in Winkelman. Plaintiffs note that Cuddy urged the court to find that his requested hourly rate of $375 was consistent with the prevailing market rate in Ohio. What Plaintiffs fail to disclose is that although Mr. Cuddy requested $375 per hour, the court ultimately concluded that a reasonable hourly rate was only $275. (See 5/22/09 Order, Document No. 19, in Case No. 1:08-cv-02135-DCN (N.D. Ohio 2008).

Plaintiffs also rely on affidavits submitted in connection with the fee request in Kennedy v. City of Zanesville. In Kennedy, Ms. Sjoberg-Witt requested $325 per hour, attorneys with similar experience to Mr. Boylan and Mr. Henry requested $225 per hour, and paralegals requested $150-275 per hour. However, because the parties reached a settlement on the issue of attorneys' fees, the court never made any determination concerning whether the rates requested were reasonable.[3]

Mr. Kirkman avers that the hourly rates he set for the OLRS attorneys were based on his personal knowledge of rates in the community charged in similar cases by attorneys with similar knowledge and experience, but he offers very little corroborating evidence to support his belief. Likewise, although Mr. Hickman avers that the hourly rates requested by the attorneys in this case

---

[3] The same is true in Keene, the case cited by Defendants.

are typical of those billed by attorneys of similar background and experience in Ohio, there is little evidence to support a finding that the rates requested are in line with the prevailing market rates. The Court notes that Mr. Hickman, who has more experience than any of Plaintiffs' counsel in this case, charges only $300 per hour for his services. (Hickman Decl. ¶ 25). Yet Michael Kirkman and Susan Tobin request more than $50 per hour in excess of that amount.

As noted above, Plaintiffs bear the burden of proving that the rates requested are consistent with the prevailing market rate. In the Court's view, they have not satisfied this burden. Nevertheless, based on the evidence presented, the Court also concludes that the hourly rates suggested by Defendants are too low. They fail to adequately take into account the complexity of this class action litigation.

**IV.    Conclusion**

In determining appropriate reasonable hourly rates in this case, the Court has considered all of the evidence presented, but has given significant weight to the hourly fees approved by Judge Smith in Ray. The Court has adjusted the hourly rates upward to some extent to account for the complexity of this litigation, the added experience gained by Plaintiffs' counsel over the past year or so, and the effects of inflation.

The Court finds that reasonable hourly rates for Plaintiffs' counsel and paralegals in this case are as follows:

>     Michael Kirkman:       $300 per hour
>     Susan Tobin:           $300 per hour
>     Kerstin Sjoberg-Witt:  $220 per hour
>     Jason Boylan:          $190 per hour
>     Kristen Henry:         $190 per hour
>     Vanessa Cotteral:      $170 per hour
>     Angela Jenkins:        $95 per hour
>     Laura Bordeau:         $95 per hour

The Clerk is directed to remove Plaintiffs' motion for attorney fees (Doc. 178) from the list of pending motions.  Within 60 days of the date of this Order, the parties shall submit an Agreed Order journalizing any amounts due Plaintiffs for the services described in the original fee application.

As set forth in the Joint Supplement, Plaintiffs will also submit a supplemental fee demand to Defendants for time spent pursuing their fees.  The parties are encouraged to do their best to reach an agreement on this issue.  However, if the issue is not resolved within 60 days of the date of this Order, Plaintiffs may file a supplemental motion for attorney fees.

**IT IS SO ORDERED.**


Date: July 19, 2010                            **/s/ John D. Holschuh**
                                               John D. Holschuh, Judge
                                               United States District Court