**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**John Doe, *et al.*,**

**Plaintiffs,**

**v.** **Case No. 2:91–cv–464**

**State of Ohio, *et al.*,** **Judge Michael H. Watson**

**Defendants.**

**OPINION AND ORDER**

Defendants move the Court to dismiss Plaintiffs' Second Amended Complaint as moot. Mot. Dismiss, ECF No. 249. Defendants also move for an extension of time to file their reply to Plaintiffs' response in opposition. Mot. Extension, ECF No. 252. Plaintiffs do not oppose the motion for extension of time, which is **GRANTED.** For the following reasons, the Court **GRANTS IN PART** Defendants' motion to dismiss.

## I. FACTS

As noted in prior Orders, this case has been pending for more than twenty years and is closely related to the landmark case *DeRolph v. State of Ohio*, 78 Ohio St. 3d, 193 (1997).[1] In that case, the Supreme Court of Ohio held that

[1] Keely Thompson and others originally filed suit in the Perry County Court of Common Pleas, and the defendants removed to federal court. When this Court denied a motion to remand, some of the plaintiffs in that case dismissed their claims in federal court and joined with Dale DeRolph in filing a parallel suit in the Perry County Court of Common Pleas. The remaining plaintiffs in *Thompson* filed an amended complaint in 1992, and

Ohio's system of funding public schools violated the Ohio Constitution. The court ordered the General Assembly to craft a new system of school funding and remanded the case to the Perry County Court of Common Pleas to enter judgment. It ordered the trial court to retain jurisdiction until the new legislation was enacted and in effect. *See DeRolph*, 78 Ohio St. 3d at 213.

Although the General Assembly enacted remedial legislation, in 2000, the Supreme Court of Ohio held that the revised funding scheme was still unconstitutional. *See DeRolph v. State*, 89 Ohio St. 3d 1, 35–36 (2000). The Supreme Court of Ohio later directed the General Assembly to enact a constitutional school-funding scheme. *DeRolph v. State*, 97 Ohio St. 3d 434, 435 (2002).

The *DeRolph* plaintiffs thereafter sought a compliance conference in the Perry County Court of Common Pleas when the General Assembly failed to promptly comply with the Supreme Court of Ohio's order, but the Supreme Court of Ohio granted the defendants' petition for a writ of prohibition, finding the task of remedying the constitutional violation lay solely with the General Assembly. *See State ex rel. State v. Lewis*, 99 Ohio St. 3d 97, 104 (2003).

---

in 1994 they filed a class action complaint after John Doe, his parents, and the Ohio Legal Rights Service intervened. In 1995, all of the original *Thompson* plaintiffs stipulated to a dismissal of their claims. Later, the parties stipulated to the Ohio Legal Rights Service's dismissal as a party plaintiff. Only John Doe and the putative class members remained. The case caption was changed from *Thompson v. State of Ohio* to *Doe v. State of Ohio*. The parties agreed to stay *Doe* until the Supreme Court of Ohio decided *DeRolph* because of the significant overlap in issues.

Meanwhile, the federal litigation had been stayed. After the Supreme Court of Ohio granted the writ of prohibition, the parties in this case agreed the stay over the federal litigation should be lifted. The Court lifted the stay and granted defendants partial summary judgment on a few purely legal issues. Plaintiffs filed an Amended Class Action Complaint, the parties then reached a partial settlement, and Plaintiffs filed another Amended Class Action Complaint regarding the unresolved claims ("Second Amended Complaint").

Plaintiffs' Second Amended Complaint was filed June 1, 2010. Plaintiffs sued the State of Ohio, Governor John Kasich, State Superintendent of Public Instruction Dr. Richard A. Ross,[2] the Ohio State Board of Education, and the Ohio Department of Education.

Plaintiffs alleged that as a result of the then-current school funding scheme in Ohio, they have been denied a free appropriate public education ("FAPE") in the least restrictive environment ("LRE") individually tailored to meet each student's unique needs as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Plaintiffs also alleged that Defendants' failure to provide adequate funding for special education violates Plaintiffs' rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. In addition, they sought relief under 42 U.S.C. § 1983 for alleged violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Dr. Richard A. Ross is automatically substituted for former Superintendent of Public Instruction Stan W. Heffner.

United States Constitution. Plaintiffs asked the Court to declare illegal Ohio's system of funding and providing services to students with disabilities and to order Defendants to provide for and fund a system of special education services that complies with the requirements of federal law.

On February 16, 2012, the Court entered an order on Defendant's motion for partial dismissal of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In that order, the Court dismissed Plaintiffs' § 1983 Due Process and Equal Protection claims but denied dismissal of Plaintiffs' IDEA and Rehabilitation Act claims. Opinion and Order 30–31, ECF No. 203.

After the Court entered that decision, and while discovery was ongoing, the 130th Ohio General Assembly passed Amended Substitute House Bill 59, and a new education funding plan, Achievement Everywhere, is now in effect. Achievement Everywhere has replaced the Evidence Based Model ("EBM") which was in effect when Plaintiffs filed their Second Amended Complaint. Defendants therefore move to dismiss the Second Amended Complaint as moot.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged, . . . ." *Id.* at 557–58 (internal citations omitted).

## III. ANALYSIS

### I. Mootness

Federal Courts may adjudicate only "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir.

1997) (internal quotation omitted). In this case, Plaintiffs seek only declaratory and prospective, injunctive relief based on a previous funding mechanism, EBM. EBM was replaced with Achievement Everywhere, a new funding formula, via passage of House Bill 59 on June 30, 2013. Unlike EBM, which focused on a weighted formula based on costs incurred by an organizational unit, Achievement Everywhere uses a per pupil formula for funding.

As noted in the Court's previous Opinion and Order, declaring superseded versions of Ohio's school funding statute illegal would obviously make no difference to the legal interests of the parties. Likewise, the Court cannot order prospective injunctive relief with respect to school funding laws that are no longer in effect. The most the Court can do is declare Ohio's *current* system of school funding illegal and craft appropriate injunctive relief on that basis.

Accordingly, and for the reasons discussed in the Court's February 16, 2012 Opinion and Order, although Plaintiffs argue that the system still suffers from many of the same deficiencies as the EBM system despite the changes to the funding model and that those deficiencies give rise to the same causes of action as contained in the Second Amended Complaint, the Court grants Defendants' motion to dismiss for lack of subject matter jurisdiction any portion of Plaintiffs' claims based on EBM. Those claims are moot.

Defendants, however, ask the Court to dismiss the entire case as moot. They cite *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637 (6th Cir. 1997) and other cases in support of their motion. In *Kentucky Right to Life, Inc. v. Terry*, the

plaintiffs challenged various portions of a Kentucky statute. The provisions they challenged were thereafter amended, and the amendments directly addressed some of the problems about which the plaintiffs had complained. *Id*. at 642–43. Although the plaintiffs apparently did not oppose the amended version of the statute, they argued the case was not moot because the legislature was free to reenact the prior statutory scheme. *Id*. at 644. The Sixth Circuit held that the plaintiffs' challenges to certain portions of the statute were moot "to the extent those challenges are effectively nullified by the recent statutory amendments." *Id.* Because the city expressed no intent to reenact the previous statute, the Court found those claims did not meet the "voluntary cessation" exception to the mootness doctrine and were moot. *Id*. at 645. Nonetheless, the Court did not hold the entire case moot and permitted plaintiffs to proceed with their non-moot claims. *Id.* at 646.

Defendants cite *Kentucky Right to Life* and other cases for the general proposition that courts routinely declare as moot "claims effectively nullified by statutory amendment . . . .," *id*. at 644, and they argue that mootness applies to enactment of legislation that ends a controversy between two parties. In this case, though, Plaintiffs allege that Achievement Everywhere suffers from many of the same fundamental infirmities they alleged against EBM. Indeed, the gravamen of Plaintiffs' complaint is that neither EBM nor Achievement Everywhere satisfies the IDEA or Rehabilitation Act.

First, Plaintiffs allege that neither funding mechanism is based on the true cost of providing special education. Moreover, Plaintiffs allege that several other problems associated with EBM are still problems with Achievement Everywhere even if the specifics have changed. Those problems include: (1) use of disability categories, (2) use of the same formula Average Daily Membership, (3) no attempt to determine actual services needed by students, (4) failure to adjust for inflation, (5) failure to account for related services necessary to provide a FAPE, and (6) underfunding of catastrophic aid. Additionally, Plaintiffs' Second Amended Complaint identified certain mandatory related services that were inadequately provided or not provided at all by local districts, and Plaintiffs contend those allegations remain irrespective of the change from EBM to Achievement Everywhere. Second Am. Compl. ¶¶ 224–26, ECF No. 189; Resp. 10, ECF No. 251.

Contrary to Defendants' assertion, then, the case is not moot merely because Plaintiffs previously alleged special education was underfunded, and the amount of funding has increased with the new funding mechanism. Plaintiffs continue to assert that the funding mechanism violates federal rights despite the increase. Thus, the statutory amendment does not nullify Plaintiffs' claims nor end the controversy between the parties. The Court therefore finds *Kentucky Right to Life* inapposite.[3] Because the federal rights violations allegedly persist

[3] *Mosley v. Hairston* is likewise inapplicable as the regulatory changes "accomplish[ed] the very result ordered by the district court's declaratory judgment and injunction" in the

even under Achievement Everywhere, the Court will not dismiss the case for mootness. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, (1990) ("[I]n instances where the mootness is attributable to a change in the legal framework governing the case, and where the plaintiff may have some residual claim under the new framework that was understandably not asserted previously, our practice is to vacate the judgment and remand for further proceedings in which the parties may, if necessary, amend their pleadings . . . ."); *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 781 (6th Cir. 2007) (stating "a case becomes moot only when subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.") (internal quotation and citation omitted); *Cam I, Inc. v. Louisville/Jefferson Cnty. Metro. Gov.*, 460 F.3d 717, 720 (6th Cir. 2006) ("[W]here the changes in the law arguably do not remove the harm or threatened harm underlying the dispute, 'the case remains alive and suitable for judicial determination.'") (quoting *Hadix v. Johnson*, 144 F.3d 925, 933 (6th Cir. 1998), *overruled on other grounds*, *Miller v. French*, 530 U.S. 327, 338–39 (2000)); *Suster v. Marshall*, 149 F.3d 523, 527

---

case, and the only argument against mootness was the possibility of noncompliance in the future. 920 F.2d 409, 414–15 (6th Cir. 1990). Similarly, in *Hall v. Beals*, 396 U.S. 45, 48 (1969), the Supreme Court found a case moot due to statutory amendment. Although the plaintiffs complained about the new statutory scheme, the new scheme did not adversely affect the plaintiffs' present interest or their interest at the time the litigation commenced. Also, in *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 982 (6th Cir. 2012), there were "no allegations that the new scheme pose[d] any constitutional issues." Likewise, the plaintiffs in *Brandywine, Inc. v. City of Richmond, Kentucky*, 359 F.3d 830, 835–36 (6th Cir. 2004) did not challenge the constitutionality of the amendment which mooted their claims.

(6th Cir. 1998) (retaining jurisdiction over the "case and controversy" after Judicial Canons were amended because the constitutional challenges applied with equal force to the amended Canons); *see also Finberg v. Sullivan*, 658 F.2d 93, 99 (3rd Cir. 1981) ("it is well-settled that a change in the law does not moot a case if the plaintiff's rights would have been violated under the new law.") (citing *Brockington v. Rhodes*, 396 U.S. 41, 43 (1969)).

Plaintiffs shall therefore file a Third Amended Class Action Complaint ("Third Amended Complaint") setting forth their causes of action relative to acts or omissions that occurred after June 30, 2013.

## II. Going Forward

The Court makes the following observation with respect to arguments that have previously been made and ruled on. The Court has previously made certain rulings with respect to Plaintiffs' Second Amended Complaint which it believes will likely apply to Plaintiffs' Third Amended Complaint. For example, the Court held that the State of Ohio and Governor Kasich were proper parties to Plaintiffs' IDEA claim based on the allegations in the Second Amended Complaint, that the Second Amended Complaint adequately alleged bad faith or gross misjudgment, and that Plaintiffs failed to state a claim under § 1983 for violation of due process or equal protection.

Those rulings represent the law of the case. Thus, the Court expects that if Plaintiffs allege the State itself failed to comply with its obligations under the IDEA with respect to Achievement Everywhere in the same way it failed to

comply with its obligations under EBM, the parties will agree the Court's conclusion as to sovereign immunity will apply with equal force to any Third Amended Complaint that alleges an IDEA claim against the State of Ohio. Likewise, the Court expects the parties to agree that Governor Kasich will remain a proper party to Plaintiffs' IDEA claim if the Third Amended Complaint makes analogous allegations with respect to his 2014 executive budget. If Plaintiffs' Third Amended Complaint makes analogous allegations regarding bad faith or gross misjudgment, the Court similarly expects the parties will agree that its prior ruling that Plaintiffs stated a claim under the Rehabilitation Act applies. Finally, the Court sees no reason why its earlier ruling regarding Plaintiffs' § 1983 claims would not apply to any analogous § 1983 claims in the Third Amended Complaint. If either party disagrees with these assumptions after reviewing the Third Amended Complaint, they shall discuss their concerns with the other party and shall thereafter move for a status conference to discuss the issue.

## IV. CONCLUSION

The Court finds that the scope of Plaintiffs' claims for declaratory and injunctive relief must be limited to acts or omissions occurring on or after June 30, 2013, when Ohio's new school funding scheme became effective. The parties shall confer and submit a proposed deadline for the Third Amended Complaint, after which Plaintiffs shall file a Third Amended Complaint regarding the current funding mechanism. The Court will not stay discovery pending filing of the Third Amended Complaint.

The Court expects the parties to each play a role in keeping this case moving forward as quickly as possible *and to avoid unnecessary protracted litigation*. The Court expects Plaintiffs not to raise claims that have previously been dismissed, absent good cause. Similarly, the Court expects Defendants not to bring motions raising arguments that have previously been considered and rejected. Therefore, the Court expects both parties to keep in mind its previous rulings when drafting amended complaints and/or dispositive motions.[4]

Moreover, the Court suggests that if Defendants intend to file a motion to dismiss in lieu of an Answer, they notify Plaintiffs of the good faith bases for the motion. In that event, the Court urges the parties to meet in person to discuss resolving the perceived deficiencies in the complaint without the need to litigate a motion to dismiss. If the parties agree to do so, they shall notify the Court so that the Court can extend the deadline for filing an Answer. The Court believes such a course of action could avoid unnecessary protracted litigation and keep the case moving toward resolution prior to another change in the legislation.

Additionally, all briefing going forward in this case is limited to twenty pages and will likely be on an expedited schedule. The undersigned will permit

[4] At this point, the Court has no intention of revisiting its prior conclusions of law and will not consider motions to do so as they will merely delay the case, unless they are based on a material difference between the funding mechanisms or directly applicable binding authority that has created a material change in the law. Therefore, to the extent the parties wish to preserve any non-waived arguments for purposes of appeal, the parties shall so note their continuing objection but shall not move for reconsideration absent a change in controlling law.

additional pages only in exceptional circumstances and upon written motion filed at least one week before the relevant deadline.

The Clerk shall remove ECF Nos. 249 and 252 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**