# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN DOE, et al.

    Plaintiffs,

-vs-

STATE OF OHIO, et al.,

    Defendants.

Case No.: 2:91-cv-464

JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE VASCURA

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

The parties have entered into a Settlement Agreement, ECF No. 584-1, and have moved for preliminary approval of the Settlement Agreement, ECF No. 584. Having considered the Settlement Agreement along with the arguments in support of preliminary approval, the Court finds that the parties have presented a sound basis for: (1) granting preliminary approval of the Settlement; (2) directing that the Class be notified of the proposed Settlement in the form and manner proposed by the parties with one modification; and (3) setting a schedule for consideration of final Settlement approval.

Accordingly, the Court **GRANTS** the motion for preliminary approval and makes the following findings and orders:

## I. THE PLAINTIFF CLASS

1. The Settlement is entered into by and on behalf of the Plaintiff class, which the Court certified, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, as including:

> All children, ages three through 21, currently enrolled or seeking enrollment, now or in the future, in Ohio's public school system, who have a disability under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §§ 790 *et seq.*, or the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*, and who require, as a result of their disability, special education and related services or accommodations that are designed to meet individual educational needs of students with disabilities as adequately as the needs of nondisabled children are met, and the parents or guardians of such children. Children who are disabled include those who have an intellectual disability, who are hearing impaired or deaf, who have a speech or language impairment, who are blind or otherwise visually impaired, who have a serious emotional disturbance, who have an orthopedic impairment, who are autistic, who have a traumatic brain injury, or who have some other health impairment or specific disability. Children who are disabled also include those who are multi-handicapped, who are developmentally handicapped, who are severe behavior handicapped, who have a specific learning disability, who have attention deficit disorder or hyperactivity disorder, or who have a physical or mental impairment that substantially affects their ability to perform a major life activity.

ECF No. 59.

Defendants' motion to decertify the Class, ECF No. 538, is **DENIED** as moot.

## II. PRELIMINARY APPROVAL OF THE SETTLEMENT

2. The Court preliminarily approves the Settlement under Rule 23(b)(2) and Rule 23(e), finding that the terms appear to be fair, reasonable, and

adequate, warranting dissemination of notice of the proposed settlement to the Class. The Court finds that the Settlement appears to provide substantial relief to the Plaintiff class and that the parties entered into the Settlement in good faith, after years of litigation and following arms-length negotiations between competent counsel aided by the capable mediator, Frank Ray.

## III.  FORM AND PROCEDURE FOR DISSEMINATING CLASS NOTICE

3.   The Court hereby approves the form, and the procedure for disseminating, the Notice of the Proposed Settlement to the Plaintiff Class that is set forth in the Motion for Preliminary Approval of the Settlement Agreement, with one modification. The Court finds that such notice as modified constitutes reasonable and appropriate notice that satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(A) and 23(e)(1). It provides affected persons sufficient notice of the proposed Settlement and of the right of affected persons to object to the Settlement.

4.   A copy of the Notice will be made available to any affected student or such student's parent or guardian upon request. Defendant Ohio Department of Education ("ODE") shall post a copy of the Notice prominently on its website. ODE shall also disseminate a copy of the Notice to all local educational agencies and ask that the Notice be posted on each local educational agency's website and in a central location accessible to the public in each of its buildings open to the public. ODE shall request that each district disseminate the Notice directly to parents or students through email, any electronic portals (e.g., parent/student

portals used to distribute grades, assignments, forms, etc.), or other means that are reasonably calculated to reach the parents or students in that district. ODE shall arrange for the Notice to be posted in the offices in each of Ohio's 16 State Support Teams and 60 Education Service Centers and made available through their websites. Additionally, Plaintiffs will provide direct notice to all class representatives. Plaintiffs will also ask community organizations providing services to parents and students in the 11 Districts to disseminate the Notice. Finally, Class Counsel, Disability Rights Ohio, will post the Notice on its website and social media platforms. Each Party shall bear their own costs in disseminating the Notice as described above.

5. Within 20 days of this Order being entered, the Parties shall provide an affidavit for the Court attesting that Notice was disseminated in a manner consistent with the above.

6. In accordance with 28 U.S.C. § 1715(b), Defendants will serve the required Notice of the Proposed Settlement upon the appropriate Ohio state official. Within 10 days of serving this Notice, Defendants shall file a certification with the Court that the appropriate notices were served.

## IV. PROCEDURE FOR COMMENTING ON THE SETTLEMENT

7. Any Class Member who wishes to comment on the Settlement must, within 60 days of the date of this Order, submit a written comment to Disability Rights Ohio, one of the class counsel, who will disseminate copies to the Court and Defendants' counsel. Class members will be asked to include in their

comments: (1) the commenter's full name, current address, current telephone number; (2) the case name and number (*Doe, et al., v. State of Ohio, et al.*, Case No. 2:91-cv-464); (3) whether the commenter believes that he or she is a member of the Class and why; (4) a description of why the commenter agrees or disagrees with the Settlement; (5) a statement indicating whether the commenter plans to appear at the Court's Final Fairness Hearing; and (6) the commenter's signature and the date.

8. Any commenting Class Member may appear at the Fairness Hearing, provided that the Class Member's written comment includes a statement of the Class Member's intent to appear. If the Class Member intends to appear at the Fairness Hearing through counsel, the Class Member's written comment should include the identity of any attorney who will appear on behalf of the Class Member at the Fairness Hearing. The Court will set aside time from 10:15 am to 11:15 am to hear from the individuals who specified an intent to appear at the Fairness Hearing.

9. These procedures and requirements for comments are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's comments to the Settlement, in accordance with the due process rights of all Class Members.

## V. HEARING AND BRIEFING SCHEDULE

10. The Court hereby schedules a Fairness Hearing for final approval of the Settlement and an award of attorney's fees and costs to Plaintiffs' counsel on

Tuesday, February 11, 2020, at 10:00 a.m. in the Joseph P. Kinneary United States Courthouse, Room 109, 85 Marconi Boulevard, Columbus, Ohio 43215. At the hearing, the Court will consider all of the following: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Class and whether judgment should be entered on the terms stated in the Settlement; and (b) whether Plaintiffs' applications for an award of attorney's fees and costs should be granted.

11. Counsel shall file memoranda, declarations, or other statements and materials in support of the request for Final Approval of the Settlement no later than three weeks after the close of the comment period. The memoranda shall include any responses to comments filed by members of the Class. Plaintiffs' counsel shall file their Fee Memorandum within 20 days of this Order being entered.

12. The Court reserves the right to adjust the time and date of the Fairness Hearing and related deadlines. In that event, the revised hearing date or deadlines shall be disseminated in the same manner as the Class Notice. However, the parties shall not be required to re-send or re-publish the Notice to the Class, and the deadline by which Class Members must submit comments will not change.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**